IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-CV-00270 RPM-MEH

MICHAEL MARUNIAK,

      Plaintiff,

v.

BNSF RAILWAY COMPANY, formerly known as BURLINGTON NORTHERN AND
SANTA FE RAILWAY COMPANY,

      Defendant.

---

## ANSWER TO COMPLAINT AND JURY DEMAND

---

Defendant BNSF Railway Company, formerly known as Burlington Northern and Santa Fe Railway Company, by and through its counsel, Frederick T. Martinez and Andrew D. Ringel of Hall & Evans, LLC hereby answers and defends Plaintiff's Complaint and Jury Demand as follows:

### PARTIES

1.    Defendant admits the allegations contained in Paragraph 1 of the Plaintiff's Complaint.

2.    Defendant admits the allegations contained in Paragraph 2 of the Plaintiff's Complaint.

**JURISDICTION AND VENUE**

3.      Paragraph 3 of Plaintiff's Complaint calls for a conclusion law and no response is required.  To the extent a response is required, it is denied.

4.      Defendant admits that the United States District Court for the District of Colorado has personal jurisdiction.

5.      Defendant admits that the venue is proper in the United States District Court for the District of Colorado.

**GENERAL ALLEGATIONS**

6.      Defendant admits the allegations contained in Paragraph 6 of the Plaintiff's Complaint.

7.      Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 7 of the Plaintiff's Complaint and therefore denies the same.

8.      Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 8 of the Plaintiff's Complaint and therefore denies the same.

9.      Defendant denies in its entirety the allegations contained in Paragraph 9 of the Plaintiff's Complaint.

10.      Defendant admits the allegations contained in Paragraph 10 of the Plaintiff's Complaint.

11.      Defendant admits the allegations contained in Paragraph 11 of the Plaintiff's Complaint.

12.     Defendant admits the allegations contained in Paragraph 12 of the Plaintiff's Complaint.

13.     Defendant admits the allegations contained in Paragraph 13 of the Plaintiff's Complaint.

14.     Defendant admits the duties of a superintendent of operations are significantly different from the duties of an assistant superintendent of operations.  Defendant denies the remaining allegations contained in Paragraph 14 of the Plaintiff's Complaint.

15.     Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations of the Plaintiff's sleep apnea and depression and suffered significant fatigue in the position of superintendent of operations and required more time to learn the duties of that position and therefore deny the same.  Defendant denies the remaining allegations contained in Paragraph 15 of the Plaintiff's Complaint.

16.     Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 16 of the Plaintiff's complaint and therefore denies the same.

17.     Defendant admits that in May of 2004, Janssen Thompson informed the Plaintiff that his performance required that he be placed on a performance review plan.  Defendant denies the remaining allegations contained in Paragraph 17 of the Plaintiff's Complaint.

18.     Defendant denies in its entirety the allegations contained in Paragraph 18 of the Plaintiff's Complaint.

19.     Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 19 of the Plaintiff's Complaint and therefore denies the same.

20.     Defendant denies in its entirety the allegations contained in Paragraph 20 of the Plaintiff's Complaint

21.     Defendant admits the allegations contained in Paragraph 21 of the Plaintiff's Complaint.

22.     Defendant denies in its entirety the allegations contained in Paragraph 22 of the Plaintiff's Complaint.

23.     Defendant denies in its entirety the allegations contained in Paragraph 23 of the Plaintiff's Complaint.

24.     Defendant denies in its entirety the allegations contained in Paragraph 24 of the Plaintiff's Complaint.

25.     Defendant admits the allegations contained in Paragraph 25 of the Plaintiff's Complaint.

26.     Defendant admits the allegations contained in Paragraph 26 of the Plaintiff's Complaint.

27.     Defendant denies in its entirety the allegations contained in Paragraph 27 of the Plaintiff's Complaint.

28.     Defendant denies in its entirety the allegations contained in Paragraph 28 of the Plaintiff's Complaint.

29.     Defendant denies in its entirety the allegations contained in Paragraph 29 of the Plaintiff's Complaint.

30.     Defendant denies that Plaintiff's current non-exempt position offers significantly less pay and benefits that his previous exempt position.  Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 30 of the Plaintiff's Complaint and therefore denies the same.

31.     Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 31 of the Plaintiff's Complaint and therefore denies the same.

**FIRST CLAIM FOR RELIEF**

32.     Defendant incorporates herein by reference as though set forth specifically its prior responses to paragraphs 1-31of the Plaintiff's Complaint.

33.     Defendant denies in its entirety the allegations contained in Paragraph 33 of the Plaintiff's Complaint.

34.     Defendant denies in its entirety the allegations contained in Paragraph 34 of the Plaintiff's Complaint.

35.     Defendant denies in its entirety the allegations contained in Paragraph 35 of the Plaintiff's Complaint.

36.     Defendant denies in its entirety the allegations contained in Paragraph 36 of the Plaintiff's Complaint.

37.     Defendant denies in its entirety the allegations contained in Paragraph 37 of the Plaintiff's Complaint.

38.     Defendant denies in its entirety the allegations contained in Paragraph 38 of the Plaintiff's Complaint.

39.     Defendant denies in its entirety the allegations contained in Paragraph 39 of the Plaintiff's Complaint.

## SECOND CLAIM FOR RELIEF

40.     Defendant incorporates herein by reference as though set forth specifically its prior responses to paragraphs 1-39 of the Plaintiff's Complaint.

41.     Defendant denies in its entirety the allegations contained in Paragraph 41 of the Plaintiff's Complaint.

42.     Defendant denies in its entirety the allegations contained in Paragraph 42 of the Plaintiff's Complaint.

43.     Defendant denies in its entirety the allegations contained in Paragraph 43 of the Plaintiff's Complaint.

44.     Defendant denies in its entirety the allegations contained in Paragraph 44 of the Plaintiff's Complaint.

45.     Defendant denies in its entirety the allegations contained in Paragraph 45 of the Plaintiff's Complaint.

## PRAYER FOR RELIEF

The remainder of Plaintiff's Complaint constitutes his prayer for relief, which requires no answer, but insofar as an answer may be deemed required, it is denied.

## GENERAL DENIAL

Defendants deny each and every one of the allegations contained in Plaintiff's Amended

Complaint and Jury Demand not specifically admitted herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.      Some or all of Plaintiff's claims fail to state a claim upon which relief may be

granted against the Defendant.

2.      Plaintiff's claims under the Americans with Disabilities Act is barred to the extent

that he failed to satisfy all requisite statutory conditions precedent to filing suit.

3.      All employment decisions and actions taken concerning Plaintiff were motivated

by legitimate, nondiscriminatory reasons that were not pretextual.

4.      BNSF would have taken the same actions and made the same decisions without

regard to any allegedly unlawful motive.

5.      BNSF's medical standards were job-related to the position(s) allegedly sought by

Plaintiff and were consistent with business necessity.

6.      No reasonable accommodation would have enabled Plaintiff to perform the

essential functions of the positions he allegedly sought.

7.      Any reasonable accommodation to Plaintiff that would have enabled him to

perform the essential functions of the positions that he allegedly sought would have

posed undue hardship on the operation of BNSF's business.

8.      Plaintiff's claims, in whole or in part, are barred by his acquiescence, consent,

waiver and/or estoppel.

9.      Plaintiff's claims, in whole or in part, are barred by the applicable statute of limitations.

10.     Plaintiff's claims are barred by the doctrine of laches.

11.     Plaintiff's claims are barred by his failure to mitigate his alleged damages, if any.

12.     BNSF is not liable for punitive damages, because any unlawful employment decisions were contrary to its good faith efforts to comply with the Americans with Disabilities Act.

13.     Plaintiff's claims for compensatory and punitive damages under federal law are limited by 42 U.S.C. § 1981a.

14.     The imposition of punitive damages would violate the Fourth, Fifth, Sixth and/or Fourteenth Amendments to the United States Constitution because (a) the standard for liability for punitive damages is inadequate, unduly vague and subjective, permitting random, arbitrary, capricious, excessive and/or disproportionate punishment that serves no legitimate governmental purpose; and (b) there are inadequate standards and procedures for reviewing awards for punitive damages.

15.     Plaintiff's claims for non-economic damages under Colorado law are subject to the limitations set out in C.R.S. § 13-21-102

16.     Defendant reserves the right to add additional defenses and affirmative defenses as become necessary due to facts developed during discovery.

### JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Defendant requests that all issues triable to a jury be so tried.

Dated this 7th day of February 2007.

                                        Respectfully submitted,


                                        s/ Frederick T. Martinez
                                        Frederick T. Martinez, Esq.
                                        Andrew D. Ringel, Esq.
                                        HALL & EVANS, L.L.C.
                                        1125 Seventeenth Street, Suite 600
                                        Denver, CO 80202-2052
                                        (303) 628-3300
                                        Fax:  (303) 293-3238
                                        ringela@hallevans.com

                                        **ATTORNEYS FOR DEFENDANT**


BNSF Railway Company Address:
2500 Lou Menk Drive
Fort Worth, TX  76131

**CERTIFICATE OF SERVICE (CM/ECF)**

I HEREBY CERTIFY that on the 7th day of February 2007, I electronically filed the

foregoing with the Clerk of Court using the CM/ECF system, which will send notification of

such filing to the following e-mail addresses:

Rosemary Orsini, Esq.
Brian K. Matise, Esq.
Burg Simpson Eldredge Hersh & Jardine, P.C.
40 Inverness Drive East
Englewood, Colorado 80112
rorsini@burgsimpson.com

s/Stephanie Jefferson, Secretary to
Frederick T. Martinez, Esq.
HALL & EVANS, L.L.C.
1125 Seventeenth Street, Suite 600
Denver, CO 80202-2052
(303) 628-3300
Fax:  (303) 293-3238
martinezf@hallevans.com

**ATTORNEYS FOR DEFENDANT**